# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **VIRGINIA LONG,** : <br> 801 Mike Circle : <br> Spartanburg, SC 29303 : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> **BHI ENERGY I POWER SERVICES,** : <br> **LLC**, : <br> c/o Registered Agent: : <br> Incorp Services Inc., : <br> 9435 Waterstone Blvd., Suite 140 : <br> Cincinnati, OH 45249 : <br> : <br> Defendant. : | Case No.: 2:20-cv-1019 <br><br> JUDGE <br><br> MAGISTRATE JUDGE <br><br><br> **Jury Demand Endorsed Hereon** |

## COMPLAINT

NOW COMES Plaintiff Virginia Long ("Plaintiff") and proffers this Complaint for damages against Defendant BHI Energy I Power Services, LLC ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA") and the Ohio Laws Against Discrimination, R.C. Chapter 4112 ("Chapter 4112").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to secure equitable and other relief.

3. This Court also has jurisdiction over Plaintiff's claims under the statutory laws of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

1

4. Venue is proper pursuant to 28 U.S.C. § 1391, because Plaintiff entered into an employment relationship with Defendant and performed her job duties for Defendant in Pike County, Ohio in the Eastern Division of the Southern District of Ohio, and Defendant is doing and has done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Virginia long is an individual, a United States Citizen, and a resident of Spartanburg, South Carolina.

6. Defendant BHI Energy I Power Services, LLC is a foreign Limited Liability Company registered to do business in Ohio and conducting business in the Southern District of Ohio.

7. At all times relevant herein, Plaintiff was an "employee" of Defendant as that term is defined by the ADA and Ohio law.

8. At all times relevant herein, Defendant was an "employer" as that term is defined by the ADA and Ohio law.

## FACTUAL BACKGROUND

9. Plaintiff began her employment with Defendant on or around April 7, 2019 in the position of Health Physics Technician.

10. Throughout Plaintiff's employment, she worked in Defendant's Power Services Division. Plaintiff was assigned to the Fluor-BWXT jobsite, located at 3930 U.S. Route 23 South, Piketon, Ohio 45661.

11. In her role as a Health Physics Technician, Plaintiff was responsible for decontaminating job sites containing various hazardous materials.

12. Plaintiff is an individual with a disability. Plaintiff has been diagnosed with asthma.

13. Plaintiff's condition requires the occasional use of an inhaler to assist with breathing. Plaintiff carries an inhaler with her at all times to treat her condition when necessary.

14. Health Physics Technicians employed by Defendant wear respirators during certain settings while working.

15. Plaintiff's asthma never impeded her ability to wear a respirator or otherwise perform her job duties; if Plaintiff experienced difficulty breathing on the job, she briefly paused, used her inhaler, and continued working.

16. When Plaintiff was first hired by Defendant in or around April of 2019, she completed a pre-employment physical examination through Defendant's third-party healthcare provider, Adena.

17. During the examination, Plaintiff informed Adena's physician of her asthma and her occasional need to use an inhaler to assist her breathing.

18. Plaintiff passed her pre-employment physical examination and was permitted to begin her employment with Defendants. Plaintiff successfully performed her job duties without incident.

19. On or about July 21, 2019, one of Defendant's employees observed Plaintiff use her inhaler at work and notified Plaintiff's supervisor.

20. Neither Defendant, nor the Fluor-BWXT jobsite to which Plaintiff was assigned, had policies prohibiting use of an inhaler on the jobsite.

21. Plaintiff was disciplined for using her inhaler on the jobsite. Plaintiff was instructed to undergo additional medical examinations to determine if she was fit for duty.

22. Plaintiff explained that she had already underwent an examination during the pre-employment screening process, during which she disclosed her asthma and was thereafter deemed fit for duty. However, Plaintiff's supervisor ignored her explanation.

23. Plaintiff underwent at least three separate medical examinations by Adena physicians between approximately July 23, 2019 and July 25, 2019. Much of the medical testing and evaluation performed by Adena's physicians was not related to Plaintiff's asthma or breathing capabilities.

24. The results of Plaintiff's medical examinations were substantially similar to her pre-employment physical results.

25. At Plaintiff's final examination, on or about July 25, 2019, Adena's physician concluded she should treat with her primary care doctor but she was fit for duty.

26. However, that same day, Plaintiff was terminated because Defendant determined that she was not physically fit for the job because of her asthma.

27. Throughout Plaintiff's employment with Defendant, Plaintiff was fully capable of performing the essential functions of her job with or without an accommodation.

28. Accommodating Plaintiff's occasional need to use her inhaler was not unreasonable and would not have caused Defendant an undue burden.

29. Defendant discriminated against Plaintiff by terminating her employment and failing to accommodate her disability by allowing her to safely use her inhaler at work.

## COUNT I
## ADA – Disability Discrimination

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. At all times relevant herein, Plaintiff was disabled within the meaning of 42 U.S.C. § 12102.

32. Plaintiff was an otherwise qualified individual with a disability within the meaning of 42 U.S.C. § 12102.

33. Defendant knew or had reason to know that Plaintiff suffered from a disability, regarded her as disable, and/or were aware of Plaintiff's record of disability.

34. Defendant terminated Plaintiff's employment on the basis of her disability, perceived disability, and/or record of disability.

35. Defendant discriminated against Plaintiff because of her disability by failing to accommodate Plaintiff; failing to engage in an interactive process; subjecting Plaintiff to numerous unnecessary, invasive, and unlawful medical examinations; terminating Plaintiff's employment; and/or otherwise discriminating against her in the terms, privileges, and conditions of her employment.

36. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and loss of salary, benefits, and other terms, privileges, and conditions of employment for which Defendant is liable.

37. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
### R.C. § 4112 – Disability Discrimination

38. All of the preceding paragraphs are realleged as if fully rewritten herein.

39. At all times relevant herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A) of the Ohio Revised Code.

40. At all times relevant herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01.

41. Defendant knew or had reason to know that Plaintiff suffered from a disability, regarded her as disabled, and/or had a record of disability.

42. Defendant discriminated against Plaintiff because of her disability by failing to accommodate Plaintiff; failing to engage in an interactive process; subjecting Plaintiff to numerous unnecessary, invasive, and unlawful medical examinations; terminating Plaintiff's employment; and/or otherwise discriminating against her in the terms, privileges, and conditions of her employment.

43. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

44. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

### COUNT III
### ADA – Failure to Accommodate

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. At all times relevant herein, Plaintiff was disabled, or regarded as disabled within the meaning of 42 U.S.C. § 12102.

47. At all times relevant herein, Plaintiff was a qualified individual with a disability within the meaning of 42 U.S.C. §12102.

48. Defendant knew or had reason to know that Plaintiff suffered from a disability.

49. Plaintiff requested a reasonable accommodation for her disability when she requested permission to safely use her inhaler at work when necessary and/or allow her to see her doctor as suggested by Adena's physician.

50. Such reasonable accommodations were possible for Defendant to provide and would not have caused Defendant undue hardship.

51. Defendant violated 42 U.S.C. §12102 by failing to accommodate Plaintiff's disability, failing to engage in an interactive process, subjecting Plaintiff to several unnecessary medical examinations, terminating Plaintiff's employment, and/or otherwise discriminating against her in the terms, privileges, and conditions of employment.

52. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

53. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT IV
### R.C. § 4112 - Failure to Accommodate

54. All of the preceding paragraphs are realleged as if fully rewritten herein.

55. At all times material herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

56. At all times relevant herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01, with or without an accommodation.

57. Defendant knew or had reason to know that Plaintiff suffered from a disability.

58. Plaintiff requested a reasonable accommodation for her disability when she requested permission to safely use her inhaler at work when necessary and/or allow her to see her doctor as suggested by Adena's physician.

59. Such reasonable accommodations were possible for Defendant to provide and would not have caused Defendant undue hardship.

60. Defendant violated R.C. § 4112.02 by failing to accommodate Plaintiff's disability, failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability, subjecting Plaintiff to several unnecessary medical examinations, terminating her employment on the basis of her disability, and/or otherwise discriminating against her in the terms, privileges, and conditions of employment.

61. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

62. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, front pay, statutory liquidated damages, compensatory damages, expert witness fees, attorneys' fees and expenses, and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00, and any and all other relief which the Court deems just and appropriate.

Respectfully submitted,

*/s/ Greg R. Mansell*

_____
Greg R. Mansell (0085197)
*Greg@MansellLawLLC.com*
Carrie J. Dyer (0090539)
*Carrie@MansellLawLLC.com*
Rhiannon M. Herbert (0098737)
*Rhiannon@MansellLawLLC.com*
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (614) 547-3614

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*_____
Greg R. Mansell (0085197)